JUDGE DAVID BRIONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2024 FEB -5 AM 11: 03
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| MANUEL GUADIAN, § § § Plaintiff, § § v. § § AMERICAN AMICABLE LIFE INSURANCE § COMPANY OF TEXAS, a Texas Corporation and § JOHN DOES 1-10 § § Defendant. § § | EP24CV0043 |

# COMPLAINT

Pro Se Plaintiff Manuel Guadian files this Complaint against Defendant AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS ("Amicable") for violations of (1) the Federal Telephone Consumer Protection Act ("TCPA") and its regulations and laws governing telephone solicitations, alleging as follows.

## PARTIES

1. Plaintiff MANUEL GUADIAN ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

2. Defendant Amicable is a corporation organized and existing under the laws of Texas with its principal place of business at 425 Austin Ave, Waco, TX 76701 and can be served via its registered agent Chief Financial Officer at 200 E. Gaines St, Tallahassee, FL 32399.

## JURISDICTION AND VENUE:

1

3.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

4.     This Court has personal jurisdiction over Defendant because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conduct business in the State of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS:

6.     Plaintiff successfully registered his personal cell phone number ending in -5579 on the National Do-Not-Call Registry since January 3, 2023, which was more than 31 days prior to receiving the alleged calls.

7.     Plaintiff is the residential subscriber of the cell phone number -5579.

8.     Plaintiff makes and takes residential calls with this number in his home on a daily basis.

9.     Plaintiff never asked the National Do-Not-Call Registry administrator to remove his phone number -5579 from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

10.    Plaintiff registered his phone number -5579 on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The alleged telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

11.    Defendant Amicable is "person" as that term is defined by 47 U.S.C. §153(39).

12.    Defendant Amicable offers life insurance products to consumers.

13. Defendant Amicable engages in illegal telemarketing through its agents to solicit their life insurance products.

14. Defendant Amicable makes substantial financial gains through illegal telemarketing.

15. Defendant Amicable is a serial TCPA violator as they have been sued on multiple occasions for TCPA violations including in this same district and continue their illegal behavior.

16. Plaintiff was bombarded with unauthorized telemarketing calls to his phone ending in -5579 soliciting "final expense" insurance plans on behalf of Defendant Amicable beginning August 18, 2023, through October 4, 2023 ("the calls").

17. These "final expense" insurance plans are falsely and fraudulently sold as life insurance plans on behalf of Defendant Amicable.

18. Plaintiff answered each and every alleged call and was be greeted by telemarketers with an Indian accent who all had the same sales script soliciting "final expense" insurance plans.

19. The telemarketers failed to properly identify themselves and who they were calling on behalf of on each and every alleged call.

20. Plaintiff advised these telemarketers multiple times that he was not interested in "final expense" insurance plans and to remove his phone number -5579 from their calling list.

21. The unauthorized calls continued despite Plaintiff's request to remove his phone number -5579 from their calling list.

22. On September 30, 2023, Plaintiff was aggravated after receiving yet another unauthorized solicitation call regarding "final expense" insurance.

23. The telemarketer once again failed to identify himself and/or on whose behalf he was calling.

24. The only way for Plaintiff to ascertain who the telemarketers were calling on behalf of was to engage in the call and feign interest in a "final expense" insurance plan.

25. The telemarketer asked Plaintiff qualifying questions regarding Plaintiff's age, health, income, and state of residence requirements.

26. Defendant Amicable provides FGF with the qualifications a consumer must have for a life insurance policy from Defendant Amicable.

27. The telemarketer advised Plaintiff he will be receiving a call in a few days from the telemarketers "licensed agent."

28. On October 4, 2023, Plaintiff received a call from Mitchell Heuser with First Guardian Financial ("FGF").

29. FGF is one of Defendant Amicable's insurance agents.

30. Mitchell Heuser received Plaintiff's information as a lead from the telemarketer who called Plaintiff in paragraph 22 of this complaint.

31. Mitchel Heuser asked Plaintiff qualifying questions and solicited Plaintiff for a life insurance policy on behalf of Defendant Amicable.

32. Plaintiff received the life insurance policy via USPS from Defendant Amicable. Policy number 0106231460.

33. Plaintiff would pay $77.43 per month to Defendant Amicable for the life insurance policy.

34. The insurance policy that was sold to Plaintiff confirmed that the alleged calls Plaintiff received were all on behalf of Defendant Amicable.

35. Upon information and belief, FGF is a fictitious name being used under a corporation that is unknown to Plaintiff at this time and will be revealed during discovery.

36. The alleged calls were made to Plaintiff using an automatic telephone dialing system ("ATDS").

37. The alleged calls were clearly generated using an ATDS because (a) the alleged calls were not directed to Plaintiff and could have reached anyone in the United States and (b) Plaintiff has never been a customer of FGF or Defendant Amicable that would cause them to have Plaintiff's phone number -5579 in any database or spreadsheet.

38. The ATDS used to make the alleged calls to Plaintiff has the capacity to store and produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.

39. Plaintiff did not give his prior express written consent to receive any of the alleged calls.

40. None of the alleged calls were made to Plaintiff for emergency purposes.

41. Each and every alleged call was made to Plaintiff knowingly.

42. Each and every alleged call was made to Plaintiff willfully.

43. Table A below summarizes the alleged calls Plaintiff received from FGF on behalf of Defendant Amicable.

Table A

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 8/18/2023 | 11:38 AM | 862-254-8448 | Telemarketer soliciting final expense insurance |
| 2 | 8/21/2023 | 4:06 PM | 615-697-8227 | Telemarketer soliciting final expense insurance |
| 3 | 8/22/2023 | 3:43 PM | 210-890-3574 | Telemarketer soliciting final expense insurance |
| 4 | 8/23/2023 | 1:03 PM | 915-339-0739 | Telemarketer soliciting final expense insurance |

| | | | | |
|---|---|---|---|---|
| 5 | 8/24/2023 | 10:03 AM | 915-757-2857 | Telemarketer soliciting final expense insurance |
| 6 | 8/24/2023 | 4:40 PM | 786-687-0446 | Telemarketer soliciting final expense insurance |
| 7 | 8/29/2023 | 2:18 PM | 341-207-5565 | Telemarketer soliciting final expense insurance |
| 8 | 8/30/2023 | 4:31 PM | 915-400-4584 | Telemarketer soliciting final expense insurance |
| 9 | 8/30/2023 | 5:35 PM | 518-801-9305 | Telemarketer soliciting final expense insurance |
| 10 | 8/30/2023 | 5:36 PM | 413-853-4338 | Telemarketer soliciting final expense insurance |
| 11 | 8/30/2023 | 5:37 PM | 339-707-7964 | Telemarketer soliciting final expense insurance |
| 12 | 8/30/2023 | 5:52 PM | 762-315-4498 | Telemarketer soliciting final expense insurance |
| 13 | 8/31/2023 | 8:56 AM | 413-217-1607 | Telemarketer soliciting final expense insurance |
| 14 | 8/31/2023 | 9:06 AM | 916-304-9271 | Telemarketer soliciting final expense insurance |
| 15 | 8/31/2023 | 4:07 PM | 915-799-7540 | Telemarketer soliciting final expense insurance |
| 16 | 8/31/2023 | 5:05 PM | 225-825-4277 | Telemarketer soliciting final expense insurance |
| 17 | 9/1/2023 | 9:04 AM | 254-264-7574 | Telemarketer soliciting final expense insurance |
| 18 | 9/7/2023 | 11:36 AM | 706-807-6948 | Telemarketer soliciting final expense insurance |
| 19 | 9/30/2023 | 11:06 AM | 213-635-2788 | Telemarketer soliciting final expense insurance |

| 20 | 10/4/2023 | 3:46 PM | 440-488-2114 | Mitchell Heuser sold me policy from Amicable |

44. Defendant Amicable employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

45. Defendant Amicable has knowledge of and has adopted and maintained TCPA violations as a sales strategy for their financial gain.

46. Defendant Amicable refuses to take any action to stop or curtail the unlawful sales practices that violate the TCPA.

47. Upon information and belief, Defendant Amicable did not train FGF or their representatives who engaged in telemarketing on the existence and use of Amicable's internal do not call policy as they failed to recognize Plaintiff's personal cell phone -5579 is registered on the National Do-Not-Call Registry.

48. The alleged calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## VICARIOUS LIABILITY OF DEFENDANT AMICABLE FOR THE CONDUCT OF FGF

49. Defendant Amicable is "vicariously liable" under federal common law principles of agency for TCPA violation committed by third-party telemarketers,' such as FGF. In re Joint Pet. Foled by Dish Network, LLC, 28 F.C.C.R. 6574, 6582 (2013).

50. Amicable markets its life insurance products through direct telephone solicitations by its agent FGF, who acts on Amicable's behalf.

51. Amicable sets the criteria for qualifying leads, which FGF must follow, and FGF sells Amicable's life insurance products to consumers based on these qualifications.

52. On information and belief, Amicable writes or at least approves the call scripts FGF uses when qualifying leads for Amicable.

53. FGF are Amicable's associates, work for, speak and act on behalf of, Amicable.

54. From FGF's initial call through Defendant Amicable's acceptance of a completed life insurance application, the telemarketing of Amicable's life insurance products constitutes a singular, coordinated marketing effort devised, authorized, directed and controlled by Amicable, the principal, with FGF acting as Amicable's agent.

55. FGF, acting with actual authority, made the alleged calls, qualified Plaintiff according to Amicable's criteria.

### INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

56. Plaintiff has been denied the use of his personal phones, enjoyment of his phones, and had the functionality of his phones decreased because of unnecessary charging, erosion of his phone's memory, and had his privacy invaded by the harassing telemarketing calls.

57. The alleged calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a "nuisance and invasion of privacy."

58. Plaintiff has been annoyed, harassed, and irritated by unauthorized calls placed by FGF on behalf of Amicable.

59. The calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the

Plaintiff.

## CAUSES OF ACTION:

## FIRST CLAIM FOR RELIEF

**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent**

60. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

61. Defendant and/or their affiliates or telemarketers violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), at least twenty (20) times by placing non-emergency telemarketing calls to Plaintiff's cellular telephone number using an automatic telephone dialing system without his prior express written consent.

62. Plaintiff was statutorily damaged at least twenty (20) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

63. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for each and every willful and/or knowing violation.

64. Plaintiff is also entitled to and does seek an injunction prohibiting Defendant and their affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telemarketing calls to any cellular telephone number using an ATDS and/or without prior express written consent.

## SECOND CLAIM FOR RELIEF

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

65.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.     Defendants and/or their representatives, affiliates, or telemarketers called Plaintiff's private residential telephone numbers which were successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

67.     Plaintiff was statutorily damaged at least twenty (20) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telemarketing calls described above, in the amount of $500.00 per call.

68.     Plaintiff was further statutorily damaged because Defendant willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

69.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Manuel Guadian prays for judgment against the Defendant severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

    C.    An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

    D.    An award of $1500 per call in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the Defendant for twenty (20) calls.

    E.    An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the Defendant for twenty (20) calls.

    F.    An award to Mr. Guadian of damages, as allowed by law under the TCPA and Texas state law;

    G.    An award to Mr. Guadian of interest, costs, and attorneys' fees, as allowed by law and equity.

    H.    Such further relief as the Court deems necessary, just, and proper.

Dated: February 5, 2024,                  Respectfully submitted,

Manuel Guadian
Plaintiff, Pro Se
3805 Tierra Fiji Ln
El Paso, Texas 79938
915-472-5579
guadianmanuel7@gmail.com